FILED
07-29-2021
John Barrett
Clerk of Circuit Court
2021CV004515
Honorable Carl Ashley-33
Branch 33

8-11-21
10:41 am
Carl M[illegible]

**STATE OF WISCONSIN** **CIRCUIT COURT** **MILWAUKEE**

The Estate of Ceasar Stinson et al vs. Milwaukee County et al

**Electronic Filing Notice**

Case No. 2021CV004515
Class Code: Personal Injury/Automobile

MILWAUKEE COUNTY
901 N. 9TH STREET, ROOM 105
C/O GEORGE L. CHRISTENSON, COUNTY CLERK
MILWAUKEE WI 53233

RECEIVED
MILWAUKEE COUNTY CLERK
2021 AUG 11 A 10:40

Case number 2021CV004515 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: ee8e95**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: July 29, 2021

The Estate of Ceasar Stinson

UNREDACTED

FILED
07-29-2021
John Barrett
Clerk of Circuit Court
2021CV004515
Honorable Carl Ashley-33
Branch 33

8-11-21 12:20pm

**STATE OF WISCONSIN** **CIRCUIT COURT** **MILWAUKEE**

The Estate of Ceasar Stinson et al vs. Milwaukee County et al

**Electronic Filing Notice**

Case No. 2021CV004515
Class Code: Personal Injury/Automobile

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION
AEGIS CORP, 18550 CAPITOL DR
C/O DAVID BISEK, REGISTERED AGENT
BROOKFIELD WI 53045

Case number 2021CV004515 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: ee8e95**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: July 29, 2021

FILED
07-29-2021
John Barrett
Clerk of Circuit Court
2021CV004515
Honorable Carl Ashley-33
Branch 33

**STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY**
**CIVIL DIVISION**

THE ESTATE OF CEASAR STINSON
by Personal Representative, Thomas F. Raasch
131 W. Layton Avenue, Suite 301
Milwaukee, WI 53207,

CHIPO K. SAMVURA
3A Ashdown Way,
Romsey, Hampshire,
United Kingdom, 50515 QR,

Plaintiffs,

v.

MILWAUKEE COUNTY
c/o George L. Christenson, County Clerk
901 N. 9th Street, Room 105
Milwaukee, WI 53233,

JOEL R. STREICHER
Ozaukee County Jail
1201 S. Spring Street
Port Washington, WI 53074,

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION
c/o David Bisek, Registered Agent
Aegis Corporation
18550 Capitol Drive
Brookfield, WI 53045,

Defendants.

Case No.:

**SUMMONS**

Unclassified: 30703
Personal Injury-Auto: 30101
Wrongful Death: 30105

---

THE STATE OF WISCONSIN

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written

answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Milwaukee County Courthouse, 901 North 9th Street, Milwaukee, WI 53233, and to GINGRAS, THOMSEN & WACHS, LLP, plaintiffs' attorneys, whose address is 219 N. Milwaukee Street, Suite 520, Milwaukee, WI 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 29th day of July, 2021.

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiffs

By: Electronically filed by Attorney Mark L. Thomsen
Mark L. Thomsen
State Bar No. 01018839
Melissa J. Prost
State Bar No. 1098840

**P.O. ADDRESS:**

219 N. Milwaukee Street
Suite 520
Milwaukee, WI 53202
Telephone: (414) 935-5482
Facsimile: (414) 763-6413
Email: mthomsen@gtwlawyers.com

FILED
07-29-2021
John Barrett
Clerk of Circuit Court
2021CV004515
Honorable Carl Ashley-33
Branch 33

**STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY**
**CIVIL DIVISION**

THE ESTATE OF CEASAR STINSON
by Personal Representative, Thomas F. Raasch
131 W. Layton Avenue, Suite 301
Milwaukee, WI 53207,

CHIPO K. SAMVURA
3A Ashdown Way,
Romsey, Hampshire,
United Kingdom, 50515 QR,

Plaintiffs,

Case No.:

**COMPLAINT**

Unclassified: 30703
Personal Injury-Auto: 30101
Wrongful Death: 30105

v.

MILWAUKEE COUNTY
c/o George L. Christenson, County Clerk
901 N. 9th Street, Room 105
Milwaukee, WI 53233,

JOEL R. STREICHER
Ozaukee County Jail
1201 S. Spring Street
Port Washington, WI 53074,

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION
c/o David Bisek, Registered Agent
Aegis Corporation
18550 Capitol Drive
Brookfield, WI 53045,

Defendants.

---

NOW COME the above-named plaintiffs, the Estate of Ceasar Stinson by Personal Representative, Thomas F. Raasch, and Chipo K. Samvura, by their attorneys, Gingras, Thomsen & Wachs, LLP, and as and for their Complaint against the above-named defendants, allege and show to the Court as follows:

## INTRODUCTION

It is clearly established that when a law enforcement officer engages in criminal conduct which results in bodily injury or death, the plaintiff's right of recovery is governed by federal law and 42 U.S.C. § 1983. A law enforcement officer who consciously and culpably refuses to prevent an imminent crash which results in death has violated the victim's substantive due process rights under the Fourteenth Amendment to the United States Constitution. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). In this case, without looking up, then Deputy Sheriff Joel R. Streicher knowingly drove his vehicle down the street without any regard for other motorists or pedestrians for over ten seconds, running a red light and killing Ceasar Stinson and violating the plaintiffs' clearly established constitutional rights.

## PARTIES

1. That at all times material hereto, the decedent, Ceasar Stinson, was an adult citizen and resident of the State of Wisconsin, and was the husband of the plaintiff, Chipo K. Samvura; that on March 31, 2020, Thomas F. Raasch was appointed Personal Representative of the plaintiff Estate of Ceasar Stinson for purposes, among others, of pursuing claims on behalf of the Estate herein.

2. Ceasar Stinson was a vital human asset to his family and the Milwaukee Community. He was a legislative policy specialist for Milwaukee Public Schools ("MPS") where he was employed since 2002. Ceasar Stinson performed physical and policy advising work for MPS and continued to be a strong advocate in the Milwaukee community until the time of his unlawful, wrongful death. He was well-known to be a strong team member and passionate about the young people in the Milwaukee community. Ceasar Stinson was well-known and loved in his community and will always be missed by many, especially his wife, Chipo K. Samvura, and his daughter, Cearra Stinson.

3. That at the present time, the defendant, Milwaukee County, is a municipal government located within the State of Wisconsin with a principal place of business in the City of Milwaukee, with its primary address as 901 North 9th Street, Milwaukee, WI 53233. Milwaukee County was the employer of Joel R. Streicher, who was acting under color of law and in the scope of his employment at the time of the crash; that Milwaukee County is vicariously liable and pursuant to Wis. Stat. §895.46(1)(a) is also required to pay or indemnify all judgments, including compensatory and punitive damages, attorney's fees and costs that may be awarded against its officials, employees and agents, including Joel R. Streicher.

4. That at the time of the crash that is the subject of this lawsuit, the defendant, Joel R. Streicher, was an adult citizen and resident of the State of Wisconsin; that at the present time, Joel R. Streicher is residing and serving time at the Ozaukee County Jail located at 1201 S. Spring Street, Port Washington, WI 53074; that at all times material hereto, Joel R. Streicher was an employee of the defendant, Milwaukee County, and operating a Milwaukee County Sheriff's Department squad while in the scope of his employment and acting under color of law.

5. That at the present time, the defendant, Wisconsin County Mutual Insurance Corporation (hereinafter "WI County Mutual"), is a Wisconsin insurance corporation, duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, David Bisek, located at Aegis Corporation, 18550 Capitol Drive, Brookfield, WI 53045; that said defendant is engaged in the business of writing and selling liability insurance; that prior to the date of this incident, January 25, 2020, WI County Mutual issued a policy(ies) of liability insurance to the defendant, Milwaukee County; that said policy(ies) provided coverage to Milwaukee County and then Deputy Sheriff Joel R. Streicher; that said policy(ies) of insurance was (were) in full force and effect at the time of this incident; that in said contract(s) of insurance WI County Mutual

reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation and is directly liable to the plaintiffs for all of the plaintiffs' injuries and damages as set forth herein; that by virtue of the laws of the State of Wisconsin, WI County Mutual is a proper defendant herein and is directly liable to the plaintiffs for their injuries and damages set forth herein.

6. That the defendant, Joel R. Streicher, had reckless disregard or was deliberately indifferent in the operation and use of his Milwaukee County Sheriff's Department squad, including, among others, failing to look at the roadway for at least 11 seconds while traveling 29-30 miles per hour and then entering the intersection on a red traffic signal and failing to apply his brakes resulting in a fatal crash, and that such reckless disregard or deliberate indifference was a direct and proximate cause of the crash herein and the injuries and death and damages sustained by the plaintiffs as hereinafter set forth, and that said defendant was otherwise causally negligent.

7. That the plaintiffs sustained injuries, death and other damages by reason of the unlawful conduct and causal negligence on the part of the defendant, Joel R. Streicher; that their claims for relief arise out of the same subject matter and that the plaintiffs join in one action for the purpose of a joint trial on the issues involved, but that each specifically prays for a separate judgment.

8. Pursuant to sec. 893.80, Wis. Stat., Milwaukee County Sheriff's Department and Milwaukee County were served with a Notice of Injury and Circumstances of Claim and Statement For Relief dated April 15, 2020 and served on May 16, 2020. The Notice of Injury and Circumstances of Claim and Statement For Relief was served on Joel R. Streicher through his attorney, Michael J. Steinle, on May 29, 2020.

## GENERAL ALLEGATIONS

9. On January 25, 2020, Defendant Joel R. Streicher ("Former Deputy Streicher") was acting under color of law and on duty within the scope of his employment as a deputy for the Milwaukee County Sheriff's Department.

10. Former Deputy Streicher (white human being) killed Ceasar Stinson (African American human being). Former Deputy Streicher drove his squad approximately 489 to 511 feet before the fatal crash but after his traffic light turned red. Former Deputy Streicher did not take any action despite 4 seconds of a yellow traffic signal, despite 11 seconds of a red traffic signal, despite a car traveling eastbound crossing his path which was but one indication that Former Deputy Streicher did not have the right-of-way and despite being in a right turn only lane when he intended to travel straight through the intersection. Former Deputy Streicher admitted all these facts when he pled guilty to his felony criminal conduct on January 8, 2021.



11. A video clip showing the crash and confirming these facts can be found here: https://www.dropbox.com/s/7x8iyvwnj0wrmqt/Crash%20from%2010th%20Street%20Wall%20Camera.mp4?dl=0 All defendants are bound and liable to plaintiffs on the basis, among others, of Streicher's admissions.

12. After stopping at the Safety Building located at 821 W. State Street in the City of Milwaukee, Milwaukee County, Wisconsin, Former Deputy Streicher returned to his squad and intended to get on the freeway heading northbound to continue his patrol duties. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

13. After leaving the Safety Building, Former Deputy Streicher traveled southbound on 9th Street through the Courthouse tunnel and used the frontage side road to get to 10th Street, which he then took northbound towards the northbound freeway entrance. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

14. In order to get to the freeway entrance, Former Deputy Streicher would have had to go northbound on 10th Street through the State Street intersection. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

15. The only legal lane for Former Deputy Streicher to travel was the center lane of northbound 10th Street at the intersection with State Street. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

16. Former Deputy Streicher traveled northbound on 10th Street in the rightmost northbound lane, which turns into the right turn only lane at the intersection with State Street. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

17. Former Deputy Streicher did not attempt to move his squad into the correct lane of travel for his intended travel route. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

18. As Former Deputy Streicher proceeded northbound on 10th Street, he looked at his MDC computer screen to check for new assignments or activity. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

19. Former Deputy Streicher does not remember how long he looked at his computer screen or how many times. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

20. Former Deputy Streicher remembers traveling northbound on 10th Street intending to get on the freeway at Highland Avenue. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

21. Former Deputy Streicher does not have a memory of seeing any of the traffic signals at the intersection of State Street and 10th Street. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

22. Former Deputy Streicher does not have a memory of entering the intersection of State Street and 10th Street. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

23. Former Deputy Streicher never saw Ceasar Stinson's vehicle at any point prior to the crash. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

24. Former Deputy Streicher's squad traveled steadily at 29 to 30 miles per hour in the right-hand lane of 10th Street towards fully illuminated red lights and did not brake at any time.

Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

25. Former Deputy Streicher entered the intersection with State Street from the wrong lane and against the red traffic signal lights. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

26. After entering the intersection of State Street and 10th Street, Former Deputy Streicher's squad collided with a vehicle driven by Ceasar Stinson, which was traveling westbound on State Street with the right-of-way, at which point the traffic signal for Former Deputy Streicher was still red. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

27. The impact caused Ceasar Stinson's vehicle to spin 180 degrees and roll onto the driver's side. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.



28. Former Deputy Streicher's squad was pushed onto the sidewalk. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.



29. The Milwaukee Fire Department determined that Ceasar Stinson was deceased at the scene. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

30. On July 25, 2018, Former Deputy Streicher, while operating the same squad that was involved in the crash that is the subject of this lawsuit, exited southbound I-43 at W. Highland Avenue. Former Deputy Streicher was in the left-hand lane, which is for left turn only traffic. Instead of turning left, Former Deputy Streicher continued straight and collided with another vehicle that was in the center lane and was properly driving through the intersection. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

31. On July 25, 2018, Former Deputy Streicher entered the intersection from a left turn only lane in violation of traffic rules and therefore failed to keep his designated lane. Former

Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

32. On January 25, 2020, Former Deputy Streicher again disregarded the severe risk to life resulting from his blatant, reckless disregard or deliberate indifference to human life and of the law causing Ceasar Stinson's death and the plaintiffs' losses and damages.

33. Dr. Brian Linert performed an autopsy on Ceasar Stinson and determined that the cause of death was multiple blunt force injuries to the head consistent with a vehicular crash. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

34. Approximately five seconds before the crash, a vehicle traveling eastbound on State Street with the right-of-way due to a green light, passed in front of the forward view of Former Deputy Streicher's squad's windshield. Former Deputy Streicher did not brake at any point, thus consistent with his failing to see a car traveling in front of him, in addition to the four red lights at the intersection. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

35. Former Deputy Streicher entered the intersection of 10th and State on a red traffic signal in violation of the traffic rules. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

36. Former Deputy Streicher entered the intersection of 10th and State from a turn only lane in violation of the traffic rules. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

37. Former Deputy Streicher's squad would have been approximately 489 to 511 feet away from the crash scene when the traffic light turned red. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

38. The traffic lights that controlled northbound traffic on 10th Street were red for approximately 11 seconds prior to the fatal crash. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

39. The traffic lights that controlled northbound traffic on 10th Street were red at the time of the fatal crash. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

40. Former Deputy Streicher did not apply his brakes prior to impact. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

41. Former Deputy Streicher did not take any action despite 4 seconds of a yellow traffic signal, despite 11 seconds of a red traffic signal, despite a car traveling eastbound which was an indication that Former Deputy Streicher did not have the right-of-way and despite being in a right turn only lane when he intended to travel straight through the intersection. Former Deputy Streicher admitted these facts when he pled guilty to his criminal conduct on January 8, 2021.

42. Former Deputy Streicher drove down 10th Street without looking at the roadway for at least 11 seconds before the fatal collision with Ceasar Stinson's vehicle.

43. On January 8, 2021, Former Deputy Streicher pled guilty to a Class G Felony as a result of killing Ceasar Stinson.

44. Former Deputy Streicher admitted that on January 25, 2020, he operated a vehicle in a manner constituting criminal conduct when he pled guilty on January 8, 2021.

45. Former Deputy Streicher admitted that on January 25, 2020, his criminal conduct caused the death of Ceasar Stinson when he pled guilty on January 8, 2021.

46. As set forth above, in pleading guilty, Former Deputy Streicher admitted all of the allegations of the Criminal Complaint and left no question as to his responsibility and liability for Ceasar Stinson's death:

> THE COURT: Mr. Streicher, you said you had read and understood the Criminal Complaint. Do you admit the facts contained in that complaint are true?
>
> THE DEFENDANT: Yes, Judge.

**FIRST CLAIM FOR RELIEF – CLAIM ON BEHALF OF THE ESTATE OF CEASAR STINSON – VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS PURSUANT TO 42 U.S.C. § 1983**

47. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

48. At all relevant times, Former Deputy Streicher was a "person" for purposes of 42 U.S.C. § 1983 and acted under color of law and caused the death of Ceasar Stinson.

49. At all times material hereto, Former Deputy Streicher had reckless disregard or was deliberately indifferent in the operation and use of his Milwaukee County Sheriff's Department squad and that such reckless disregard or deliberate indifference was a direct and proximate cause of the death of Ceasar Stinson.

50. At all relevant times, Former Deputy Streicher acted with reckless disregard or deliberate indifference and conscious contempt of the lives of others, including Ceasar Stinson.

51. Former Deputy Streicher's conduct reflected reckless disregard or deliberate indifference to the obvious risk to life he created when he drove northbound on 10th Street without

looking at the roadway for at least 11 seconds while in the wrong lane of travel, entered the intersection of State Street and 10th Street on a red traffic signal and caused the crash killing Ceasar Stinson which is the subject of this lawsuit.

52. Former Deputy Streicher had at least 11 seconds to recognize the severe risk he created by driving without looking at the roadway, but he consciously and culpably refused to do so and as he had done on at least one prior occasion.

53. Former Deputy Streicher knew of the risk of death he created to others and consciously disregarded it.

54. That such conduct constitutes criminal reckless disregard or deliberate indifference to a known risk and was a direct and proximate cause of the crash herein and of the severe personal injuries suffered by Ceasar Stinson that resulted in his death and damages including pre-death pain and suffering; hedonic damages; pecuniary loss; hospital and medical expenses; funeral expenses; and other compensable injuries, all to the damage of his Estate in an amount to be determined at a trial of this matter.

55. The Defendant, Milwaukee County, is liable as a matter of law pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against Former Deputy Streicher in this action because he was acting under color of law and within the scope of his employment when he committed and admitted the acts described above.

**SECOND CLAIM FOR RELIEF – CLAIM ON BEHALF OF CHIPO K. SAMVURA AGAINST DEFENDANTS – VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS PURSUANT TO 42 U.S.C. § 1983**

56. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

57. At all relevant times, Former Deputy Streicher was a "person" for purposes of 42 U.S.C. § 1983 and acted under color of law to kill Ceasar Stinson, the husband of Chipo K. Samvura.

58. At all times material hereto, Former Deputy Streicher had criminal reckless disregard or was deliberately indifferent in the operation and use of his Milwaukee County Sheriff's Department squad and that such reckless disregard or deliberate indifference was a direct and proximate cause of the death of Ceasar Stinson.

59. That such conduct was a cause of the damages, harms and loss of society that Chipo K. Samvura has suffered with regard to her husband, Ceasar Stinson.

60. The Defendant, Milwaukee County, is liable as a matter of law pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against Former Deputy Streicher in this action because he was acting under color of law and within the scope of his employment when he committed and admitted the acts described above.

**THIRD CLAIM FOR RELIEF – CLAIM ON BEHALF OF THE ESTATE OF CEASAR STINSON AGAINST DEFENDANTS - WRONGFUL DEATH OF CEASAR STINSON**

61. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

62. That on the 25th day of January, 2020, on 10th Street, at or near its intersection with State Street, in the City of Milwaukee, Milwaukee County, State of Wisconsin, the defendant, Joel R. Streicher, operated the subject Milwaukee County Sheriff's Department squad with reckless disregard and in an inattentive manner, causing his vehicle to collide with the vehicle being operated by Ceasar Stinson; that as a result of the described collision, Ceasar Stinson suffered severe personal injuries that resulted in his death.

63. That the conduct, including negligence, of the defendant, Joel R. Streicher, as

alleged, was a cause of the severe personal injuries suffered by Ceasar Stinson that resulted in his death, and damages including pre-death pain and suffering; pecuniary loss; hospital and medical expenses; funeral expenses; and other compensable injuries and damages, all to the damage of his Estate in an amount to be determined at a trial of this matter.

## FOURTH CLAIM FOR RELIEF – CLAIM ON BEHALF OF CHIPO K. SAMVURA – LOSS OF SOCIETY, COMPANIONSHIP AND CONSORTIUM

64. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

65. That as result of the conduct, including negligence, of the defendant, Joel R. Streicher, as alleged, and the death of Ceasar Stinson, the plaintiff, Chipo K. Samvura, has suffered injuries and damages including the loss of her husband's society, companionship and consortium; pecuniary loss; and all damages allowed under Wisconsin law, all to her damage in an amount to be determined at a trial of this matter.

## FIFTH CLAIM FOR RELIEF – VICARIOUS LIABILITY

66. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

67. That at all times material hereto, the defendant, Joel R. Streicher, was an employee of the defendant, Milwaukee County, and was operating the subject Milwaukee County Sheriff's Department squad while in the scope of his employment/agency with said defendant.

68. That the defendant, Joel R. Streicher, was causally negligent as alleged above.

69. That the defendant, Milwaukee County, is vicariously liable for the negligent acts of the defendant, Joel R. Streicher, as alleged herein and therefore liable to the plaintiffs for all their damages.

## SIXTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

70. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

71. That the above-described conduct of Former Deputy Streicher was unlawful, extreme, malicious, outrageous and/or intentional.

72. That such conduct on the part of Former Deputy Streicher was a cause of Ceasar Stinson's death and the plaintiffs' losses and damages.

73. At all times material hereto, Former Deputy Streicher acted maliciously or with reckless disregard or deliberate indifference towards to human life and in an intentional disregard of the plaintiffs' rights, such as to subject Former Deputy Streicher to punitive damages.

74. That the Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment, including for punitive damages, entered against Former Deputy Streicher in this action because he was acting within the scope of his employment and under color of law when he committed the acts described above.

**WHEREFORE**, the plaintiffs demand judgment as follows:

a. For immediate entry of judgment on liability against Joel R. Streicher;

b. For immediate entry of judgment on liability against Milwaukee County;

c. For compensatory damages on behalf of the Estate of Ceasar Stinson in an amount to be determined at a trial of this matter;

d. For compensatory damages on behalf of Chipo K. Samvura in an amount to be determined at a trial of this matter;

e. For punitive damages on behalf of the Estate of Ceasar Stinson in an amount to be determined at a trial of this matter;

f. For punitive damages on behalf of Chipo K. Samvura in an amount to be determined at a trial of this matter;

g. For all costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C. § 1988, and all interest due and owing pursuant to sec. 628.46, Wis. Stat.;

h. For a dismissal of any and all subrogation or reimbursement claims in this matter;

i. For such other and further relief as the Court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A JURY TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Milwaukee, Wisconsin this 29th day of July, 2021.

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiffs

By: Electronically filed by Attorney Mark L. Thomsen
Mark L. Thomsen
State Bar No. 01018839
Melissa J. Prost
State Bar No. 1098840

**P.O. ADDRESS**:

219 N. Milwaukee Street
Suite 520
Milwaukee, WI 53202
Telephone: (414) 935-5482
Facsimile: (414) 763-6413
Email: mthomsen@gtwlawyers.com

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

THE ESTATE OF CEASAR STINSON
by Personal Representative, Thomas F. Raasch,
and CHIPO K. SAMVURA,

Plaintiffs,

v.

MILWAUKEE COUNTY, JOEL R. STREICHER
and WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

Defendants.

Case No.: 2021CV00451

Unclassified: 30703
Personal Injury-Auto: 30101
Wrongful Death: 30105

---

**FIRST SET OF WRITTEN INTERROGATORIES TO DEFENDANTS PURSUANT TO SEC. 804.08, WISCONSIN STATUTES**

---

TO: DEFENDANTS

PLEASE TAKE NOTICE that the plaintiffs require the defendants to answer the following interrogatories in writing and under oath, within thirty (30) days hereof, in accordance with Rule 804.08, and to produce documents in accordance with Rule 804.09.

Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an Answer.

An evasive or incomplete answer is deemed to be a failure to answer under Rule 804.12.

You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matter, and the identity of each person expected to be called as a witness. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

## DEFINITIONS

1. The terms "you" and "your" and "defendant" shall mean the named defendants, any officers, directors, employees, agents, attorneys and any other persons acting on behalf of the named entity or individual.

2. The term "document(s)" means the original and any non-identical copy (which is different from the original or any copy because of notations thereto, or otherwise) of any written, printed, typewritten, handwritten, electronic, recorded, digital, graphic or photographic matter or material (however produced, reproduced or recorded), including without limitation all of the following: correspondence, notes, telegrams, memoranda, e-mail (along with attachments), text messages, iMessage's, gchat messages, whatsapp messages, and/or any other form of digitally recorded or transmitted communication, contracts (including amendments and change orders accepted or proposed), reports, voice mail, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, work sheets, books, computer printouts, computer cards, computer tapes, audio tapes, videotapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or informational accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any of the foregoing and all other records of any kind in the possession and/or under the control of you or your corporate successors, predecessors, parents, subsidiaries, divisions and/or any other corporation controlled by the parent, or any officer, director, agent, employee, representative, owner, and/or attorney of any of the foregoing person(s) or entities which relate in any way whatsoever to any of the subjects referred to in the following Demand for Production or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part. Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

3. "Or" shall be construed disjunctively or conjunctively so as to bring within the scope of this demand for production any information which might otherwise be construed to be outside its scope.

4. "Identify" when used in reference to a person means state the person's full name, telephone number, current residential and business addresses, together with your relationship with them, if any, and if not presently related, a description of any previous relationship with them.

5. "Identify" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), addressee or

other intended recipient or audience, a summary of its contents and its present location and custodian. In the event there are documents fitting the descriptions set forth of which you are aware, which are no longer in your possession, custody or control, state the disposition and location of such documents and identify the person(s) who have or had possession, custody or control of such documents.

6. "Identify" when used in reference to a conversation, conference, meeting or other oral communication means to identify all persons participating or attending and to identify all documents recording, summarizing or otherwise arising from the conversation, conference, meeting or other oral communication in accordance with the definitions above. In addition, a request to identify a conversation, conference, meeting or other oral communication means to state its purpose, the subject discussed, the method of communication used (e.g., telephone, in person, or other means) and if by telephone, specify the caller and the person called, the action taken at and following it, and the date, place and purpose of such action, and to identify the person(s) taking such action.

## INSTRUCTIONS

1. In answering these interrogatories, you are required to furnish all information that is available to you and/or your attorneys, including information in the possession of your attorneys, your employer or any other persons connected with the accident which is the subject of this lawsuit.

2. Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer. An evasive or incomplete answer is deemed to be a failure to comply with sec. 804.12(b), Wis. Stats.

3. You are statutorily required to seasonably supplement your answers with respect to:

    (a) Any question directly addressed to the identity and location of persons having knowledge of discoverable matter;

    (b) The identity of each person expected to be called as a witness;

    (c) The identity of each person expected to be called as an expert witness, including the subject matter and substance of his or her testimony; and

    (d) Answers which are incorrect when made or which are no longer correct.

## INTERROGATORIES

**INTERROGATORY NO. 1:** List the names and last known addresses of all persons who were witnesses to the collision that is the subject of this lawsuit or who have knowledge of the facts leading up to and immediately following the collision.

**INTERROGATORY NO. 2:** List the names and last known addresses of all persons who have knowledge of the injuries or damages sustained or claimed by the plaintiffs or any other injured person in the crash following the collision that is the subject of this lawsuit.

**INTERROGATORY NO. 3:** What are the current residence and/or business addresses of all your insureds?

**INTERROGATORY NO. 4:** State the names of all witnesses or parties from whom the defendants or any of their representatives have obtained written or recorded statements.

**INTERROGATORY NO. 5:** List the names and addresses of the custodian of all such statements.

**INTERROGATORY NO. 6:** State whether the defendants will voluntarily produce such statements for inspection and copying by the plaintiffs or their representatives (if so, attach copies hereto).

**INTERROGATORY NO. 7:** State whether or not the defendants or any of their representatives have taken any videotapes or photographs of any of the vehicles or the intersection involved in the collision that is the subject of this lawsuit. If so, state:

(a) The date of the photographs;

(b) The custodian of the negatives or original photographs;

(c) The nature of the subject matter depicted in the photographs.

**INTERROGATORY NO. 8:** State whether or not the defendants or any of their

representatives took any notes, emails or correspondence concerning Ceasar Stinson and this collision that is the subject of this lawsuit. If so, state:

(a) The date of the notes, emails or correspondence;

(b) The nature of the notes, emails or correspondence.

**INTERROGATORY NO. 9:** State whether or not the defendants or any of their representatives have any audio recordings or radio dispatch recordings concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**INTERROGATORY NO. 10:** State whether or not the defendants or any of their representatives have any computer-aided dispatch notes, etc., concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**INTERROGATORY NO. 11:** State whether or not the defendants or any of their representatives have any body camera footage concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**INTERROGATORY NO. 12:** State whether or not the defendants or any of their representatives have any dash and/or vehicle camera footage concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**INTERROGATORY NO. 13:** State the total amount of insurance and reinsurance coverage or coverages available to the defendants directly or indirectly which are applicable to the alleged collision that is the subject of this lawsuit. Please state coverages by insurance company name, coverage amount and policy number and identify each company having reinsurance interest. Attach a copy of the original face sheet and endorsement thereto of each applicable policy of insurance or reinsurance. This interrogatory is intended to include, but is not limited to, insurance coverage available through partnership agreements, corporations, extended coverage, reinsurance

coverage and so-called "umbrella" coverage.

**INTERROGATORY NO. 14:** Please state the names and last known addresses of all agents, servants or employees of the defendants who participated in any manner in the investigation of the claim which is the subject matter of this lawsuit.

**INTERROGATORY NO. 15:** In your own words, describe your version of how the collision that is the subject of this lawsuit occurred.

**INTERROGATORY NO. 16**: Was your vehicle involved in the collision that is the subject of this lawsuit equipped with any type of Event Data Recorder ("EDR")?

**INTERROGATORY NO. 17**: If the answer to the preceding interrogatory is "yes," provide the following additional information:

(a) Identify all information or data retrieved from the vehicle's EDR;

(b) Identify the date(s) upon which any information or data was retrieved from the vehicle's EDR;

(c) Identify each individual who was in any way involved in retrieving any information or data from the vehicle's EDR; and

(d) Identify each individual who was custody of any information or data retrieved from the vehicle's EDR.

**INTERROGATORY NO. 20** If you owned a cellular phone at the time of the incident, please identify your cellular phone service provider and your cellular phone number.

Dated at Milwaukee, Wisconsin this 10th day of August, 2021.

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiffs

By: ______________________________
Mark L. Thomsen
State Bar No. 01018839
Melissa J. Prost
State Bar No. 1098840

**P.O. ADDRESS:**

219 N. Milwaukee Street
Suite 520
Milwaukee, WI 53202
Telephone: (414) 935-5482
Facsimile: (414) 763-6413
Email: mthomsen@gtwlawyers.com

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

THE ESTATE OF CEASAR STINSON
by Personal Representative, Thomas F. Raasch,
and CHIPO K. SAMVURA,

Plaintiffs,

v.

MILWAUKEE COUNTY, JOEL R. STREICHER
and WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

Defendants.

Case No.: 2021CV00451

Unclassified: 30703
Personal Injury-Auto: 30101
Wrongful Death: 30105

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO SECTION 804.09 WISCONSIN STATUTES**

TO: DEFENDANTS

PLEASE TAKE NOTICE that the plaintiffs require the defendants to produce within forty-five (45) days hereof at the offices of plaintiffs' attorneys, GINGRAS, THOMSEN & WACHS, LLP a copy of each of the following described documents pursuant to sec. 804.09, Wis. Stat.:

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "you" and "your" shall mean the named defendants, and any officers, directors, employees, agents, attorneys and any other persons acting on behalf of the named entity or individual.

2. The term "document(s)" means the original and any non-identical copy (which is different from the original or any copy because of notations thereto, or otherwise) of any written, printed, typewritten, handwritten, electronic, recorded, digital, graphic or photographic matter or material (however produced, reproduced or recorded), including without limitation all of the following: correspondence, notes, telegrams, memoranda, e-mail (along with attachments), text messages, iMessage's, gchat messages, whatsapp messages, and/or any other form of digitally recorded or transmitted communication, contracts (including amendments and change orders accepted or proposed), reports, voice mail, studies, diaries, time-

Case 2:21-cv-01046-JPS Filed 09/09/21 Page 29 of 34 Document 1-1

slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, work sheets, books, computer printouts, computer cards, computer tapes, audio tapes, videotapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or informational accumulations or summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any of the foregoing and all other records of any kind in the possession and/or under the control of you or your corporate successors, predecessors, parents, subsidiaries, divisions and/or any other corporation controlled by the parent, or any officer, director, agent, employee, representative, owner, and/or attorney of any of the foregoing person(s) or entities which relate in any way whatsoever to any of the subjects referred to in the following Demand for Production or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part. Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

3. "Or" shall be construed disjunctively or conjunctively so as to bring within the scope of this demand for production any information which might otherwise be construed to be outside its scope.

4. If you withhold any document requested herein on the basis of a claim of attorney/client or other privilege, or on the basis of the attorney work-product doctrine, you are requested to identify all such documents by listing:

   a. The date of each document;

   b. Its title, if any;

   c. The name and address of its author;

   d. The sender and each recipient of said document;

   e. The name and address of each person who has custody of the document, or any copy thereof; and

   f. The factual and legal bases for your claim of privilege.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Any and all videotapes or photographs of the scene of the collision that is the subject of this lawsuit.

**REQUEST NO. 2:** Any and all videotapes or photographs of any of the vehicles involved in the collision that is the subject of this lawsuit.

**REQUEST NO. 3:** Any and all property damage documentation, including repair estimates and collision payments, with respect to any of the vehicles involved in the collision that is the subject of this lawsuit.

**REQUEST NO. 4:** All statements taken from any parties or witnesses to the collision that is the subject of this lawsuit or persons who have knowledge of the collision or injuries or damages sustained or claimed by the plaintiff.

**REQUEST NO. 5:** All photographs pertaining to the collision that is the subject of this lawsuit or injuries or damages claimed by the plaintiffs.

**REQUEST NO. 6:** All notes, emails or correspondence concerning Ceasar Stinson and the collision that is the subject of this lawsuit.

**REQUEST NO. 7:** All audio recording or radio dispatch recordings concerning Ceasar Stinson and the collision that is the subject of this lawsuit.

**REQUEST NO. 8:** All computer-aided dispatch notes, etc., concerning Ceasar Stinson and the collision that is the subject of this lawsuit.

**REQUEST NO. 9:** All body camera footage concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**REQUEST NO. 10:** All dash and/or vehicle camera footage concerning Ceasar Stinson and this collision that is the subject of this lawsuit.

**REQUEST NO. 11:** Certified copies of any and all policies of insurance and reinsurance pertaining to the collision that is the subject of this lawsuit.

**REQUEST NO. 12:** All personnel and discipline files of Deputy Joel Streicher including

by not limited to his general IA Case History, listing the case number, date of referral, the complaint, the bureau to which Deputy Streicher was assigned at the time, the nature of the case, the disposition, the outcome of the case and date closed, and the related reports and documents of sustained IA Case #07-129 and #18-301.

**REQUEST NO. 13:** All Internal Affairs memos and documents relating to the incident that is the subject matter of this lawsuit.

**REQUEST NO. 14:** Any and all other documents, information or other documentation related to this incident or Deputy Joel Streicher, including all applicable Sheriff Department policies and procedures.

**REQUEST NO. 15:** Produce copies of all documents that in any way set forth any information or data retrieved from your vehicle's Event Data Recorder (EDR) following the collision that is the subject matter of this lawsuit.

**REQUEST NO. 16:** Produce any and all phone records on the date of the collision that is the subject of this lawsuit of Deputy Joel Streicher and execute the attached cellular phone service authorization.

**REQUEST NO. 17:** Defendant's complete claims file relating to the claim at issue and/or the processing of the claim at issue in this action whether maintained at the defendants' field office, regional office, home office or any other office, including without limitation all written records of any oral communication, whether in person or by telephone; all letters, memoranda and other forms of written communication; and all written records of any investigation conducted in connection with the claim.

**REQUEST NO. 18:** All claims manuals, memoranda, directives, letters and other forms of written communication directed to claims personnel, claims managers, claims supervisors or

any other person acting on behalf of defendants in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action including without limitation:

(a) The documents reflecting defendant's claim settlement policies and procedures as they existed at the time defendant evaluated the claim at issue in this action; and

(b) All documents including training manuals, outlines, handouts, or other materials or forms of written communications relating to the training of claims personnel, claims managers, claims supervisors or any other person acting on behalf of the defendant in the handling of claims that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action.

**REQUEST NO. 19:** Any form of written communication containing any evaluation of all or part of plaintiffs' claims, the liability of the defendants and/or their insureds, the injuries and/or damages of plaintiffs and/or any conclusions relating to the foregoing.

The above demanded documents shall be provided to the law firm of GINGRAS, THOMSEN & WACHS, 219 N. Milwaukee Street, Suite 520, Milwaukee, WI 53202, within forty-five (45) days from the date of this request.

Dated at Milwaukee, Wisconsin this 10th day of August, 2021.

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiffs

By: [signature]
Mark L. Thomsen
State Bar No. 01018839
Melissa J. Prost
State Bar No. 1098840

**P.O. ADDRESS:**
219 N. Milwaukee Street, Suite 520
Milwaukee, WI 53202
Telephone: (414) 935-5482
Facsimile: (414) 763-6413
Email: mthomsen@gtwlawyers.com

## CELLULAR TELEPHONE AUTHORIZATION

TO: ______________________________

______________________________

______________________________

Cell Phone Number: ________________________________________

You are hereby authorized to give to Gingras, Thomsen & Wachs, LLP, or their representative, any and all information which may be requested regarding my cellular telephone service, including contracts, bills, service, and any and all other documentation and/or memoranda, and to allow the law offices of Gingras, Thomsen & Wachs, LLP, to examine any records which you may have and to take copies thereof, including photocopies, for the following time period:

01/25/2020

A photocopy of this authorization shall be considered as valid as the original.

This authorization will remain in effect for one year.

__________________________________
Joel R. Streicher

Subscribed and sworn before me
this ____ day of _______, 2021.

___________________________
Notary Public, State of Wisconsin
My commission: ____________