# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

THE ESTATE OF CEASAR STINSON, *et al.*,

    Plaintiffs,

v.

Case No. 21-CV-1046-JPS

MILWAUKEE COUNTY, *et al.*,

    Defendants.
_____

## ANSWER AND AFFIRMATIVE DEFENSES
_____

Defendants Milwaukee County and Wisconsin County Mutual Insurance Corporation (together, "the Milwaukee County defendants"), by their undersigned attorneys, as and for their Answer and Affirmative Defenses to the Complaint, hereby state as follows:

## ANSWER

1. Answering the "Introduction" of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, the Milwaukee County defendants deny said allegations and respectfully refer this Court to the case cited therein for the full text and import thereof.

2. Answering ¶ 1 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as the truth of the allegations set forth therein.

3. Answering ¶ 2 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as the truth of the allegations set forth therein.

4. Answering ¶ 3 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, except they admit that Milwaukee County is a municipal corporation located within the State of Wisconsin with offices at 901 North 9th Street, Milwaukee, Wisconsin 53233 and that the County employed Joel Streicher on January 25, 2020, and they respectfully refer this Court to the statute cited therein for the full text and import thereof.

5. Answering ¶ 4 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, except they admit that on January 25, 2020 Joel Streicher was an adult citizen and resident of the State of Wisconsin and an employee of Milwaukee County and that he was operating a Milwaukee County Sheriff's Office squad car at the time of the accident at issue herein, and they admit, upon information and belief, that Streicher is currently incarcerated at the Ozaukee County Jail located at 1201 S. Spring Street, Port Washington, Wisconsin 53074.

6. Answering ¶ 5 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, except they admit that Wisconsin County Mutual Insurance Corporation ("WCMIC"), is a Wisconsin corporation, duly licensed to do business in the State of Wisconsin, that the offices of its registered agent, David Bisek, are located

2

at Aegis Corporation, 18550 Capitol Drive, Brookfield, Wisconsin 53045, that it is engaged in the business of writing and selling liability insurance, that it issued an insurance policy to Milwaukee County prior to January 25, 2020 that was in effect as of said date, and that said policy provides insurance to Milwaukee County and its employees subject to the terms, conditions, and exclusions set forth therein, and they respectfully refer this Court to said insurance policy for the full text and import thereof.

7. Answering ¶ 6 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

8. Answering ¶ 7 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations, except they admit that plaintiffs purport to so proceed.

9. Answering ¶ 8 of the Complaint, the Milwaukee County defendants deny the allegations set forth therein, except they admit that Milwaukee County was served with a "Notice of Injury and Circumstances of Claim and Statement for Relief Pursuant to Wisconsin Statute Sec. 893.80" dated April 15, 2020, and they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence thereof.

10. Answering ¶ 9 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, except they admit that Streicher was on

3

duty for the Milwaukee County Sheriff's Office on January 25, 2020 at the time of the accident at issue herein.

11. Answering ¶ 10 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

12. Answering ¶ 11 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence thereof.

13. Answering ¶ 12 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

14. Answering ¶ 13 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

15. Answering ¶ 14 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth

therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

16. Answering ¶ 15 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

17. Answering ¶ 16 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

18. Answering ¶ 17 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

19. Answering ¶ 18 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

20. Answering ¶ 19 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

21. Answering ¶ 20 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

22. Answering ¶ 21 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

23. Answering ¶ 22 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

24. Answering ¶ 23 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

25. Answering ¶ 24 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

26. Answering ¶ 25 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth

therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

27. Answering ¶ 26 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

28. Answering ¶ 27 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

29. Answering ¶ 28 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

30. Answering ¶ 29 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

31. Answering ¶ 30 of the Complaint, the Milwaukee County defendants admit the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence thereof but admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

32. Answering ¶ 31 of the Complaint, the Milwaukee County defendants admit the allegations set forth therein, except they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence thereof but admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

33. Answering ¶ 32 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations.

34. Answering ¶ 33 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021 and that Brian Linert, M.D. performed an autopsy on Ceasar Stinson and concluded that the cause of his death was multiple blunt force injuries to the head consistent with a vehicular crash.

35. Answering ¶ 34 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

36. Answering ¶ 35 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

37. Answering ¶ 36 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

38. Answering ¶ 37 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

39. Answering ¶ 38 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

40. Answering ¶ 39 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

41. Answering ¶ 40 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

42. Answering ¶ 41 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth

therein, except they admit that Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 on January 8, 2021.

43. Answering ¶ 42 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

44. Answering ¶ 43 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that on January 8, 2021 Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 to one count of homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1), a class G felony.

45. Answering ¶ 44 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that on January 8, 2021 Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 to one count of homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1), a class G felony.

46. Answering ¶ 45 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that on January 8, 2021 Streicher plead guilty in Milwaukee County Circuit Court Case No. 2020-CF-1965 to one count of homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1), a class G felony.

47. Answering ¶ 46 of the Complaint, the Milwaukee County defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except they admit that on January 8, 2021 Streicher plead guilty in Milwaukee County

Circuit Court Case No. 2020-CF-1965 to one count of homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1), a class G felony.

**FIRST CLAIM FOR RELIEF**

48. Answering ¶ 47 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 47 of this Answer and Affirmative Defenses as if fully set forth herein.

49. Answering ¶ 48 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations.

50. Answering ¶ 49 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

51. Answering ¶ 50 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

52. Answering ¶ 51 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

53. Answering ¶ 52 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations, except they deny knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the first clause thereof.

54. Answering ¶ 53 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

55. Answering ¶ 54 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

56. Answering ¶ 55 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, and they respectfully refer this Court to the statute cited therein for the full text and import thereof.

## SECOND CLAIM FOR RELIEF

57. Answering ¶ 56 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 56 of this Answer and Affirmative Defenses as if fully set forth herein.

58. Answering ¶ 57 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations.

59. Answering ¶ 58 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

60. Answering ¶ 59 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

61. Answering ¶ 60 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, and they respectfully refer this Court to the statute cited therein for the full text and import thereof.

## THIRD CLAIM FOR RELIEF

62. Answering ¶ 61 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 61 of this Answer and Affirmative Defenses as if fully set forth herein.

63. Answering ¶ 62 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

64. Answering ¶ 63 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

## FOURTH CLAIM FOR RELIEF

65. Answering ¶ 64 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 64 of this Answer and Affirmative Defenses as if fully set forth herein.

66. Answering ¶ 65 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

## FIFTH CLAIM FOR RELIEF

67. Answering ¶ 66 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 66 of this Answer and Affirmative Defenses as if fully set forth herein.

68. Answering ¶ 67 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute, in part, conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that that said allegations are so vague as to preclude a response and therefore deny said allegations, except they admit that Streicher was an employee of Milwaukee County on January 25, 2020 and was operating a Milwaukee County Sheriff's Office squad car at the time of the accident at issue herein.

69. Answering ¶ 68 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

70. Answering ¶ 69 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

## SIXTH CLAIM FOR RELIEF

71. Answering ¶ 70 of the Complaint, the Milwaukee County defendants restate and incorporate by reference the responses to paragraphs 1 through 70 of this Answer and Affirmative Defenses as if fully set forth herein.

72. Answering ¶ 71 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

73. Answering ¶ 72 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

74. Answering ¶ 73 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they deny said allegations.

75. Answering ¶ 74 of the Complaint, the Milwaukee County defendants assert that the allegations set forth therein constitute conclusions of law to which no response is required; to the extent a response is deemed necessary, they assert that said allegations are so vague as to preclude a response and therefore deny said allegations, and they respectfully refer this Court to the statute cited therein for the full text and import thereof.

## AFFIRMATIVE DEFENSES

1. As an affirmative defense, the Complaint fails, either in whole or in part, to state a claim upon which relief may be granted.

2. As an affirmative defense, any claims by plaintiffs under Wisconsin law may be barred by any failure on their part to comply with the notice of claim and claim procedures of Wis. Stat. § 893.80.

3. As an affirmative defense, any claims by plaintiffs under Wisconsin law are subject to the limitations on damages set forth in Wis. Stat. § 345.05, Wis. Stat. § 893.80(3), or otherwise under Wisconsin law.

4. As an affirmative defense, the Milwaukee County defendants may be entitled to immunity from suit under Wis. Stat. § 893.80(4) with respect to any claims by plaintiffs under Wisconsin law.

5. As an affirmative defense, any harm that may have come to plaintiffs may have been the result, in whole or in part, of their own negligence or other acts or omissions on their part.

6. As an affirmative defense, any harm that may have come to plaintiffs may have been the result of superseding and/or intervening causes outside the control of the Milwaukee County defendants.

7. As an affirmative defense, any harm that may have come to plaintiffs may have been the result of the conduct of others for whom the Milwaukee County defendants have no right or obligation to control and on whose behalf the Milwaukee County defendants are not obligated to pay damages.

8. The Milwaukee County defendants reserve the right to amend this Answer to assert additional affirmative defenses, the factual basis of which may be revealed as discovery proceeds.

WHEREFORE, the Milwaukee County defendants demand the entry of a judgment dismissing the Complaint on its merits and with prejudice and granting them their costs in

defending this action, together with such other and further relief as this Court deems just and proper.

**THE MILWAUKEE COUNTY DEFENDANTS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated at Milwaukee, Wisconsin this 16th day of September, 2021.

**HANSEN REYNOLDS LLC**

/s/ Andrew A. Jones
Andrew A. Jones
301 N. Broadway, Suite 400
Milwaukee, WI 53202
(414) 455-7676 (phone)
(414) 273-8476 (fax)
ajones@hansenreynolds.com

*Attorneys for Defendants Milwaukee County and Wisconsin County Mutual Insurance Corporation*