**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ESTATE OF CEASAR STINSON and
CHIPO K. SAMVURA,

Plaintiffs,

v. Case No. 21-CV-1046-JPS

MILWAUKEE COUNTY, *et al.*,

Defendants.

---

**AGREED STATEMENT OF FACTS WITH RESPECT TO MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Fed. R. Civ. P. 56, Civil L.R. 56, and this Court's Trial Scheduling Order (ECF No. 25), defendants Milwaukee County and Wisconsin County Mutual Insurance Company (the "Milwaukee County defendants"), defendant Joel Streicher ("Streicher") (collectively, "defendants"), and plaintiffs, the Estate of Ceasar Stinson (the "Estate") and Chipo Samvura (collectively, "plaintiffs"), submit the following agreed statement of facts with respect to the pending motion for summary judgment. The parties certify that they first met and conferred with respect to this agreed statement of facts on May 27, 2022 and that they have continued to communicate regarding this submission since that date.

**A. Jurisdiction and Venue.**

The Estate asserts a claim against defendants under the United States Constitution pursuant to 42 U.S.C. § 1983. (ECF No. 1-1 (Complaint), ¶¶ 47-54.) As a result, this Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1331. Plaintiffs also assert additional claims against defendants under Wisconsin law. (Complaint, ¶¶ 61-69.) This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28

U.S.C. § 1367(a). Defendants stipulate to causal negligence on the part of Streicher as to plaintiffs' state law claims.

This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because the events underlying plaintiffs' claims occurred within this judicial district. (*See*, *generally*, *infra*.)

**B. The Parties.**

Ceasar Stinson ("Stinson") was an adult resident of the State of Wisconsin. (Complaint, ¶ 1; ECF No. 7 (Answer of Milwaukee County Defendants), ¶ 1; ECF No. 10 (Answer of Joel Streicher), ¶ 1.) Chipo Samvura was the spouse of Stinson. (Complaint, ¶ 1; Answer of Milwaukee County Defendants, ¶ 1; Answer of Joel Streicher, ¶ 1.)

Defendant Milwaukee County is a municipal corporation organized under the laws of the State of Wisconsin. (Complaint, ¶ 3; Answer of Milwaukee County Defendants, ¶ 3.) Defendant Wisconsin County Mutual Insurance Corporation ("WCMIC") is a domestic insurance company that issued a policy of liability insurance to Milwaukee County subject to the terms, conditions, and exclusions set forth therein. (Complaint, ¶ 5; Answer of Milwaukee County Defendants, ¶ 5.)

Defendant Joel Streicher was on January 25, 2020 an employee of the Milwaukee County Sheriff's Office ("MCSO"). (Complaint, ¶ 4; Answer of Joel Streicher, ¶ 4.) Defendants stipulate that Streicher was acting under color of law and within the scope of his employment during the events at issue on that date.

**C. The Facts Underlying Plaintiffs' Claims.**

At approximately 11:11:02 a.m. on January 25, 2020, Streicher and Stinson were involved in an automobile collision that killed Stinson (the "Collision"). (Complaint, ¶ 10;

Answer of Joel Streicher, ¶ 10; Transcript from the Deposition of Joel Streicher, taken on May 23, 2022 ("Streicher Tr."), Exhibit 11.)[1]

Prior to the Collision, Streicher had between 23 and 24 years of service in law enforcement, had been trained on the traffic laws, had probably investigated over one hundred crashes, knew more about the law than the average person, and knew that the law has variations of intent. (Streicher Tr. at 16:20-24, 19:5-16 & 19:18 – 20:2.)

Prior to the Collision, Streicher was aware that a person can engage in unlawful conduct by driving recklessly and endangering a life without intending to kill someone because the person driving knew or should have known that their conduct could lead to injury. (Streicher Tr. at 24:18-21 & 25:14-21.)

Prior to the Collision, Streicher knew that driving while distracted could lead to accidents and accidents could lead to death. (Streicher Tr. at 48:16-20 & 29:16-22.)

Prior to the Collision, Streicher was trained that he was not allowed to let his computer distract from his driving and that driving distracted by his computer could lead to "bad things." (Streicher Tr. at 44:18-24, 45:6-19 & 47:19-25.)

In 2007, Streicher was involved in a search of a private residence without lawful authority; as a result, he was issued a written reprimand for violating department policy. (Streicher Tr. at 106-12.)[2]

Prior to the Collision, Streicher knew that violating the rules of the road could lead to collisions. On July 25, 2018, Streicher violated the rules of the road by proceeding straight through an intersection from a left turn only lane causing an accident.

---

[1] Copies of the Streicher Tr. and any referenced exhibits from the deposition are attached to the Declaration of Andrew A. Jones, dated July 1, 2022 ("Jones Decl.").

[2] Defendants agree that this proposed finding is factually accurate, but they dispute that the proposed finding is admissible as evidence or material to the issues on summary judgment.

Specifically, after stopping at a red light at the intersection, Streicher drove straight into the intersection while in a left turn only lane, causing a collision with the car in the lane to his right, which had the right of way to proceed into that lane. (Streicher Tr. at 130:22 – 134:17; Streicher Tr., Exhibit 7.)

In October 2018, Streicher was identified by Wisconsin Department of Justice agents for soliciting an undercover agent for sex over the internet; as a result, he plead guilty to a misdemeanor charge of disorderly conduct on April 8, 2019 and was thereafter disciplined for violating MCSO policies. (Streicher Tr. at 117-25.)[3]

At the time of the Collision on January 25, 2020, Streicher was on duty with the MCSO and was driving an unmarked MCSO Chevy Tahoe squad car. (Streicher Tr. at 61:16-17, 79:24 – 80:4 & 88:21-25.) Streicher's duty assignment that day was to patrol a portion of the interstate freeway system in Milwaukee County. (Declaration of Joel Streicher, dated June 27, 2022 ("Streicher Decl."), ¶ 2.) At the time of the Collision, Streicher was driving from the Milwaukee County Safety Building to the entrance ramp onto northbound I-43 at W. Highland Avenue for the purpose of continuing his patrol duties. (Streicher Decl., ¶ 3.)

Streicher began work that day at about 10:00 a.m., went to a Jimmy John's at approximately 10:45 a.m., then went to the Milwaukee County Safety Building to use the bathroom. While at the Safety Building, Streicher tried to get on the internet using various apps on his phone, including Zoosk – a dating app. Streicher then returned to his squad shortly after 11:00 a.m. He opened Zoosk on his phone sometime either just before entering the Safety Building or after leaving the Safety Building as he approached or

[3] Defendants agree that this proposed finding is factually accurate, but they dispute that the proposed finding is admissible as evidence or material to the issues on summary judgment.

reached his squad. (Streicher Tr. at 88:21 – 91:7, 92:7 – 94:19 & 207:10-23.) That morning, before he went on duty, Streicher had been involved in an explicit conversation with a female acquaintance via the Zoosk app. At 10:45 a.m., the woman messaged Streicher as part of the explicit conversation, and he replied at 10:52 a.m. (Streicher Tr. at 172:19 – 175:8.)

The Collision occurred at the intersection of N. 10th Street and W. State Street. (Streicher Tr. at 103:10-22.) At the time of the Collision, Streicher was driving northbound on N. 10th Street, and Stinson was driving westbound on W. State Street. (Streicher Tr. at 103:10-22.)

Milwaukee Police Officer William Hanney, assigned to the Specialized Patrol Division of the Milwaukee Police Department as a member of the Crash Reconstruction Unit, prepared a Collision Analysis Report. (Streicher Tr., Exhibit 8.) Officer Hanney concluded that Streicher had 14.5 to 15 seconds of either a yellow light or a red light (4 seconds of yellow and 11 to 11.5 seconds of red) to slow and stop his vehicle to avoid the Collision. (Streicher Tr. at 157:20 – 158:2 & 160:21 – 161:16; Streicher Tr., Exhibit 8.) According to Officer Hanney's report, Streicher proceeded northbound on N. 10th Street towards a red light for roughly 489-511 feet, travelling at 29-30 miles per hour. Streicher did not brake or take any other action to slow his squad or avoid the Collision, and he entered the intersection in a right turn only lane and against a red light. (Streicher Tr. at 157:20 – 158:2 & 160:21 – 161:16; Streicher Tr., Exhibit 8.)

The speed limit on N. 10th Street between Wells Street and Highland Avenue is thirty miles per hour. (Streicher Decl., ¶ 4.) As Streicher drove northbound on N. 10th Street immediately prior to the Collision, he was driving 29-30 miles per hour. (Streicher Tr. at 50:3-5.) Stinson was travelling approximately 24-27 miles per hour prior to the

Collision. (Streicher Tr., Exhibit 8.) Streicher did not have his emergency lights or siren on, as he was not responding to an emergency call. (Streicher Decl., ¶ 5.)

At the time of the Collision, Streicher was not under the influence of alcohol, drugs, or any other intoxicating substance. (Streicher Tr. at 54:11-19.)

As he drove northbound on N. 10th Street, Streicher testified he looked at the screen of the computer in his squad car to check for new assignments or activity. (Streicher Tr. at 57:11-25 & 65:18-19.) Streicher testified he does not recall exactly how long or how many times he looked at the computer in his squad car as he drove northbound on N. 10th Street, but, according to Streicher, he was not using the computer immediately prior to or at the time of the Collision. (Streicher Tr. at 52:16 – 53:8, 56:24 – 57:4 & 150:2-10.) Streicher recalled looking at his computer, describing it "as a look, a glance: more than a glance but not a long extended . . . look at the computer." (Streicher Tr. at 52:16 – 53:14.) Streicher's personal cellular phone was unlocked, but, according to Streicher, he was not using the phone immediately prior to or at the time of the Collision. (Streicher Tr. at 42:13-14 & 19-22, 97:11-13, 167:4-8 & 169:21-24.) At his deposition, Streicher testified he did not recall telling investigating officers that "he was looking away from the road prior to the crash." (Streicher Tr. at 150:12-21.)

Streicher testified he is not aware of anything that obstructed his view of the intersection of N. 10th Street and State Street as he traveled northbound on No. 10th Street or as he entered the intersection immediately prior to the Collision. (Streicher Tr. at 37:15-18 & 40:10-16.) Streicher was in the right-hand lane on N. 10th Street, a right turn only lane, when he entered the intersection. (Streicher Tr. at 136:4-7.) The exact time of the Collision was 11:11:02 a.m. (Streicher Tr., Exhibit 11.)

The display on Streicher's phone turned on at 11:10:36 a.m., 26 seconds before the Collision. (Streicher Tr., Exhibit 11.) Streicher could unlock his phone either by entering a code or by facial recognition. (Streicher Tr. at 89:19 – 90:1.) Streicher testified it was more likely that he looked at the phone to unlock it than he entered the code to do so. (Streicher Tr. at 169:21-24.) At 11:11:06 a.m., four seconds after the Collision, an application launched on the phone. (Streicher Tr., Exhibit 11.) According to the official investigation into the Collision, the phone showed no evidence of user interaction between when it was unlocked and when the app launched following the Collision. (Streicher Tr., Exhibit 11.)

Following the Collision, Streicher got out of his squad and walked over to look at the crash and knew it was a bad crash. (Streicher Tr. at 58:17 – 59:11.) Streicher told the first officer he talked to at the scene that he was not sure but that he thought he (Streicher) may have run the red light. (Streicher Tr. at 200:21 – 202:9.)

Streicher testified he violated two rules of the road in connection with the Collision: he ran a red light and continued straight through the intersection even though he was in a right turn only lane. (Streicher Tr. at 137:2-11.)

Streicher does not recall seeing that the light for N. 10th Street at the intersection of N. 10th Street and W. State Street was red when he entered the intersection. (Streicher Tr. at 33:17-18, 143:8-12 & 162:20-23.)

MCSO Sergeant Michael Krznarich and Deputy Joann Sowin both stated to investigators that while at the scene of the Collision, Streicher told them he was not sure but that he thought he ran a red light. (Streicher Tr., Exhibit 9.)

Streicher did not see Stinson or the car Stinson was driving prior to Collision. (Streicher Tr. at 101:15-21.) Streicher also did not see a car travelling eastbound on W.

State Street that drove through the intersection roughly five seconds before he entered the intersection. (Streicher Decl., ¶ 6.)

Streicher testified that as he approached the intersection, he should have been aware that he had a red light and that he should have stopped for the light. (Streicher Tr. at 159:11-23.)

Stinson died at the scene as a result of the Collision. (Complaint, ¶ 10; Answer of Joel Streicher, ¶ 10.)

As a result of the Collision, the Milwaukee County Sheriff recommended that Streicher be terminated from his employment with the MCSO; thereafter, Streicher resigned his employment in lieu of termination. (Streicher Tr. at 63-64.)[4]

Streicher was charged with and pleaded guilty to one count of homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1) as a result of the Collision. (Complaint, ¶ 43; Answer of Joel Streicher, ¶ 43; Streicher Tr., Exhibit 16.) In pleading guilty, Streicher knowingly and voluntarily admitted to the facts as alleged in the criminal complaint. (Streicher Tr. at 181:18-22.) An element of the crime to which Streicher pleaded guilty was that his operation of a motor vehicle created a substantial and unreasonable risk of death or great bodily harm to another. (*See* Wis. Stat. § 939.25(1).)

---

[4] Defendants agree that this proposed finding is factually accurate, but they dispute that the proposed finding is admissible as evidence or material to the issues on summary judgment.

Dated at Milwaukee, Wisconsin this 1st day of July, 2022.

**HANSEN REYNOLDS LLC**


_s/ Andrew A. Jones_______________
Andrew A. Jones
301 N. Broadway, Suite 400
Milwaukee, WI 53202
Phone: (414) 455-7676
Facsimile: (414) 273-8476
ajones@hansenreynolds.com


*Attorneys for Defendants Milwaukee County and Wisconsin County Mutual Insurance Corporation*

**GRADY, HAYES & NEARY LLC**


_s/ Thomas J. Donnelly_________
Thomas J. Donnelly
N14 W23777 Stone Ridge Drive
Waukesha, Wisconsin 53188
Phone: (262) 347-2001
Facsimile: (262) 347-2205
tjd@ghnlawyers.com


*Attorneys for Defendant Joel Streicher*

**GINGRAS, THOMSEN & WACHS, LLP**


_s/ Mark L. Thomsen____________
Mark L. Thomsen
219 N. Milwaukee Street, Suite 520
Milwaukee, Wisconsin 53202
Phone: (414) 935-5482
Facsimile: (414) 763-6413
mthomsen@gtwlawyers.com


*Attorneys for Plaintiffs*